[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by the plaintiff Amanda Johnson by complaint dated December 3, 1992 seeking a marital dissolution as well as ancillary relief. The defendant Bruce Johnson appeared by counsel on May 11, 1993, and on October 18, 1993 he filed a cross complaint seeking a marital dissolution and ancillary relief. CT Page 14086
This matter was assigned for trial and heard by the court on November 15, 1995. At that time, the only issues not resolved by the parties involve whether custody of the minor child should be joint or awarded solely to the plaintiff, and whether the minor child's surname should be changed from Gregoire to Johnson. Based on the evidence presented at trial, the court makes the following findings:
The plaintiff whose birth name was Amanda L. Gregoire, and the defendant were married on November 5, 1990 at Baltimore, Maryland.
The plaintiff resided continuously in the State of Connecticut for more than one year preceding the filing of this complaint.
The parties have one minor child, Amber Lynn Gregoire, who was born on April 23, 1990. A second child has been born to the plaintiff since the date of the marriage, who is not issue of the marriage. This child's name is Kasey Ann Savard, born May 23, 1995. Kasey Ann's father is Dean Savard. Mr. Savard resides with the plaintiff and her children; he has acknowledged paternity of Kasey Ann and supports her. Both the plaintiff and the defendant testified that Mr. Savard is Kasey Ann's biological father.
The State of Connecticut is contributing to the welfare of the parties' minor child, Amber Lynn, by providing her medical insurance coverage.
All statutory stays have expired The court has jurisdiction over this action as well as the parties.
The plaintiff Amanda Johnson, who presently resides in Putnam, Connecticut, ceased residing with the defendant in June, 1990 She testified at trial that the defendant had been violent toward her during the marriage, that he was unfaithful and abused alcohol. The defendant reluctantly acknowledged the plaintiff's claims of violence and abuse; and, that he was convicted three times for family violence type offenses; and that he was convicted twice for driving under the influence. The parties were in agreement that they had significant trouble communicating.
The court is satisfied from the evidence that the marriage has broken down irretrievably and should be dissolved. CT Page 14087
The main issue between the parties is whether the plaintiff will have sole custody of Amber Lynn, or whether the parties will share joint custody. Although the parties have been married for five years, they resided together for only the first six or seven months of their union. Amber has lived with her mother since her birth. During the pendency of this action, the defendant has visited with Amber very regularly in accordance with the pendente lite orders. Both parents are concerned for their child; clearly, Amber is dearly loved by her mother and father.
The evidence reveals, however, that despite the defendant's sincere interest in his daughter, his personal life remains unstable and unpredictable. Since his separation from the plaintiff, he has had volatile relationships with two other women; he continues to lack appreciation for the dangers of substance abuse; unlike mother, he has failed to complete the court ordered parenting education classes; he has been unemployed for six months; and he has made no court ordered child support payments since being laid off from work last summer Additionally, there is evidence that the defendant exposed Amber to a reinfestation of head lice after an effective plan to eliminate the problem had been agreed to by the parties, with the assistance of a family services officer, and ordered by the court.
During the pendency of this action the issue of custody was referred to the Family Services Unit of the court's Family Division. Reports from the Division were filed with the court and marked as exhibits during the hearing on November 15, 1995. In addition, the court heard testimony at the November hearing date from Susan Grant Nash, the Family Services Counselor to whom this matter had been assigned. Counselor Nash recommended to the court that the plaintiff be granted sole custody of Amber, and that the defendant be granted rights of reasonable visitation in accordance with a clear schedule outlined in her written report.
The defendant is presently unemployed, collecting unemployment benefits of $187.00 weekly. His principal debt appears to be a car loan for a 1990 motor vehicle costing him $85.20 a week. Any other assets are of nominal value.
The plaintiff works part-time, earning an average gross weekly wage of $78.00. The plaintiff has no assets except household furnishings which she has valued at $500.00, and a savings account of $4,000.00. Her affidavit reflects no CT Page 14088 indebtedness, except monthly bills At trial she testified that she seeks no alimony from the defendant. On June 21, 1994, the court ordered the defendant to pay child support to the plaintiff in the amount of $70.00 a week. At trial the defendant acknowledged that, notwithstanding the existence of court orders, he paid no child support from June, 1995 through November 14, 1995, thus amassing an arrearage of $1,400.00. The defendant testified, with no apparent remorse, that he did not pay child support during this time period because he was laid off from work and needed all of his unemployment benefit dollars for his own expenses. In his wilful failure to pay child support, the defendant demonstrated an indifference to the court's orders when perceived by him to be in conflict with his desires. His disinclination to follow the recommendation of Susan Grant Nash and the subsequent court order to work with the plaintiff to rid his daughter of head lice demonstrates a similar unwillingness to follow advice which he perceives to be contrary to his desires. Based on the evidence adduced at trial and mindful of the provisions of Chapter 815j of the Connecticut General Statutes, the court makes the following orders:
The plaintiff's birth name of Amanda L. Gregoire is restored to her.
The plaintiff is granted custody of the parties' minor child Amber Lynn.
The defendant is granted rights of reasonable visitation to include but not be limited to:
 (a) Alternate weekends from Friday at noon or the end of her academic school day, to Sunday at 6:30 p.m., school year, or 7:30 p.m. summer and before school vacations.
 (b) Each Wednesday (or other mutually agreed to weekday) from noon or the end of her academic school day, to 6:30 p.m., school year, 7:30 p.m summer and school vacations.
(c) School days off when they adjoin his weekend.
 (d) Half of school vacation weeks, extending his weekend access to Wednesday at noon, or commencing at that time to adjoin his weekend.
(e) Shared holidays through mutual agreement with mother CT Page 14089 having preference for Thanksgiving when she travels out of state, and Christmas Day morning, and father having preference for Halloween.
 (f) Each parent to have two weeks uninterrupted access for vacation purposes, upon three weeks' notice to the other parent, mother to have preference during the first week of July.
(g) Other times as mutually agreed to.
 (h) Visitation to be conditional upon defendant providing adequate sleeping arrangements and mutually agreed to adult supervision for the minor child, Amber and the absence of domestic violence and alcohol and substance abuse during visitation.
The defendant is ordered to pay the plaintiff as child support, in accordance with the child support guidelines, by immediate wage execution, the sum of $47.00 a week. In addition, the court finds an arrearage of $1,400.00 as of November 14, 1995 on account of a child support order previously entered by this court and orders that said arrearage be discharged at the rate of $8.00 a week, also by immediate wage execution. The defendant is found to be in contempt of court for his wilful failure to pay child support.
To the extent it is available to them at their places of employment, the parties are ordered to maintain health insurance for the benefit of their minor child during her minority, and to share equally any unreimbursed medical, dental, orthodontic, opthamological and pharmaceutical expenses for Amber Lynn. The provisions of General Statutes § 46b-84c are incorporated into the final decree.
The plaintiff shall provide the defendant with sixty (60) days prior written notice before relocating her permanent residence a distance greater than twenty-five (25) miles from Putnam, Connecticut.
Neither party is awarded periodic alimony except that the defendant shall pay the sum of $1.00 per year modifiable only by the State of Connecticut.
The parties shall retain all right, title and interest in and CT Page 14090 to the personal property presently in their possession; and each shall be responsible to pay their liabilities listed on their respective financial affidavits.
The defendant is ordered to comply with the provisions of the Parenting Education Act and to file a certificate of completion of parenting education classes within sixty (60) days of this memorandum.
The defendant is ordered to pay to the plaintiff as counsel fees the sum of $250.00 within 90 days of this memorandum.
The birth certificate of Amber Lynn shall be changed to reflect the fact that the defendant is her father; her surname shall be Johnson.
In making these orders the court has reviewed and considered relevant decisional and statutory law, with particular regard to Connecticut General Statutes § 46b-1, 46b-40, 46b-54, 46b-56, 46b 82, 46b-84 as well as the Child Support Guidelines of the State of Connecticut.
Counsel for the plaintiff is directed to prepare the judgment.
Martin, J.